## JAMES MELLEN *vs.* JOSEPH NICKERSON.

A guaranty of the promise of a third person to pay for removing a building, in these words: "If he does not pay you for so doing, I will see you paid, not to exceed $200," renders the guarantor liable for work performed in beginning the removal of the building, if the removal is not completed through the default of such third person.

ACTION OF CONTRACT upon this agreement: "Boston, November 20th 1856. Mr. J. Mellen : Mr. Tamplin informs me that he is about making an agreement with you to remove a building in Charlestown, which I have an interest in; and if he does not pay you for so doing, I will see you paid, not to exceed $200 — say two hundred dollars. Jos. Nickerson."

At the trial in the superior court of Suffolk at November term 1857, *Abbott*, J. ruled that upon the facts stated in the opinion the plaintiff could not recover. The plaintiff submitted to a verdict, and alleged exceptions.

*S. J Thomas*, for the plaintiff.

*T. H. Russell,* for the defendant, cited Chit. Con. (8th Amer. ed.) 544; *Miller* v. *Stewart,* 9 Wheat. 703; *Johnson* v. *Reed,* 9 Mass. 81; *White* v. *Atkins,* 8 Cush. 370; *Clark* v. *Baker,* 5 Met. 452; *Reab* v. *Moor,* 19 Johns. 337.

DEWEY, J. The written stipulation signed by the defendant was a guaranty to the extent of $200 of an agreement which one Tamplin might make to pay the plaintiff for removing a certain building in Charlestown. Tamplin made an oral agreement with the plaintiff to remove the building for $200, and by the terms of the agreement Tamplin was to procure the required permission from the city authorities for such removal. The plaintiff began the preliminary work upon the same by the direction of Tamplin, and was engaged for several days with several persons in his employ, and was pursuing the same when the work was stopped wholly by the default of Tamplin in not procuring the proper permit, or other default for which he was responsible. Before the plaintiff could proceed in the execution of the contract, and during this detention through the fault of Tamplin, the building took fire and was consumed. Upon this state of facts the special contract could not be performed by the plaintiff. If this had happened without the default of Tamplin, no recovery could have been had for these services. But as the performance of the special contract was defeated by the acts of Tamplin, a right of action accrued to recover of him the value of the services that were actually rendered.

In the opinion of the court the defendant, by guarantieing the contract of Tamplin made with the plaintiff to remove the building, and promising " if he does not pay you for so doing, I will see you paid," became liable for the services actually performed to the extent of $200. If this were not so, then Tamplin might equally have defeated the guaranty after nine tenths of the expenditure had been incurred, by interposing by his own act to prevent the completion of the work undertaken. The security which was made a condition precedent to engaging in this service might thus be virtually defeated. This guaranty was an assurance to the plaintiff, that if he performed the contract he should be paid therefor. Having shown the reason for the fail-

ure to complete the work to have been the fault of his employer, he may recover for the services performed under the contract, and the guaranty of the defendant obliges him, if Tamplin does not pay therefor, to pay the same himself.

*Exceptions sustained*